## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALVIN LUNDY, on behalf of himself**
**and on behalf of all others**
**similarly situated,**

      **Plaintiff,**

**v.**                                  **CASE NO.:**

**PALL CORPORATION,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALVIN LUNDY ("Plaintiff"), by and through undersigned counsel, and on behalf of himself and on behalf of all others similarly situated, brings this action against Defendants, PALL CORPORATION ("Defendant"), and in support of his claims states as follows:

## PRELIMINARY STATEMENT

1.　　This case is about a Defendant's illegal, intentional, and systematic scheme to deprive its hourly workers of straight time and overtime compensation for all of the hours that they worked in violation of state and federal law.

2.　　Defendant has a compensation and payroll policy that instructs all hourly employees to clock in before they begin work and to clock out when their shift ends.

3.　　Although Defendant knew, by virtue of it's time-keeping system, the exact amount of hours that Plaintiff and the other similarly-situated employees worked, Defendant altered its time-keeping system to reflect an inaccurate summary of the amount of hours that

Plaintiff and other similarly-situated employees actually worked in an attempt to evade paying them all of the compensation that Defendant owes to them.

4.      Defendant has willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et* seq., as described in the Complaint by failing to pay employees proper overtime compensation for all hours worked in excess of forty in a workweek.

5.      As alleged herein, Plaintiff and other similarly-situated employees are victims of Defendant's widespread, repeated, and systematic illegal policies and practices that have resulted in violations of their rights under the FLSA. Defendant's actions have caused significant damage to Plaintiff and Defendant's other similarly-situated employees.

## JURISDICTION AND VENUE

6.      This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

8.      Venue is proper in the Middle District of Florida because all of the events giving rise to these claims occurred in Pasco County, Florida, which lies within the Middle District.

## PARTIES

9.      Plaintiff is a resident of Hudson, Pasco County, Florida.

10.     Defendant is a foreign corporation organized under the laws of New York and operates a manufacturing facility in Pasco County, Florida.

## GENERAL ALLEGATIONS

11.     Plaintiff has satisfied all conditions precedent, or they have been waived.

12.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

13.     Plaintiff requests a jury trial for all issues so triable.

14.     At all times material hereto, Plaintiff was employed by Defendant.

15.     The putative class of similarly situated employees consists of "all current and former similarly-situated employees of Defendant who worked more than forty hours during any single workweek and were not compensated for all overtime hours worked within the three years prior to the commencement of this action."

16.     These similarly situated persons will be referred to as "Members of the Class" or "the Class."

17.     At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

18.     At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

19.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

20.     Defendant continues to be an "employer" within the meaning of the FLSA.

21.     At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

22.     At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

23.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

24.     At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

25.     Plaintiff began working for Defendant as a Machinist in or about January 2019, and he continues to work in this capacity.

26.     At various times material hereto, Plaintiff and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendant and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

27.     Defendant pays its employees on an hourly basis for the time recorded in Defendant's time-keeping system minus any deductions it makes for what Defendant defines as its employee's idle time.

28.     Although Plaintiff and other similarly-situated employees are scheduled to work, and frequently do work, up to and over forty hours in a workweek, Defendant devised a policy wherein Defendant's decision makers would manually decrease the amount of time that its system showed that Plaintiff and other similarly-situated employees actually worked because Defendant defined it as idle time. Defendant's fraudulent conduct frequently results in Plaintiff and other similarly-situated employees not being paid for all straight time and overtime hours worked.

29.     During Plaintiff's employment, Plaintiff noticed that the hours Defendant reported on his paycheck did not accurately reflect the time that he actually worked.

30.     On or about April 2019, Plaintiff reported this shortage of hours to Defendant's Human Resources ("HR") Representative.

31.     Defendant informed Plaintiff that the reason he was not being paid for all of the hours that he worked was because Defendant had an "idle time" policy.

32.     Under Defendant's idle time policy, Plaintiff and other similarly-situated employees were required to clock in as soon as they entered Defendant's workplace. While not an exhaustive list, Plaintiff and other similarly-situated employees were not paid for the following:

(a)     Walking to their departments after Plaintiff and other similarly-situated employees had entered Defendant's facility and clocked in at the beginning of their shifts;

(b)     The time required for Plaintiff and Defendant's other similarly-situated employees to don and doff their uniform that Defendant required them to wear at the beginning and at the end of their shifts;

(c)     Picking their assignment for the days; and

(d)     The time required for Plaintiff and other similarly-situated employees to walk from their respective departments and clock out at the end of their shifts.

33.     Even though Plaintiff and Defendant's other similarly-situated employees were clocked in and not free to leave during what Defendant defined as "idle time," Defendant informed Plaintiff that all of these activities were considered idle time and that Defendant doesn't pay its employees for idle time.

34.     Defendant routinely made manual reductions to the time-keeping records it used to track the hours worked by Plaintiff and other similarly-situated employees in a scheme to reduce the compensation that it paid to its employees.

35.     Defendant's practice of manually altering its time records to falsely reduce the record of hours worked by its employees resulted in Plaintiff and members of the proposed FLSA Collective Class not receiving payment for all of the regular and overtime hours that they had worked in violation of the FLSA.

36.     By failing to accurately record all of the hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. *See* 29 C.F.R. § 516.2

37.     Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA. Defendant did not have a good faith basis to believe that its underpayment of wages was in compliance with the law.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b).  The Class is defined as:

> All current and former similarly-situated employees of Defendant who worked more than forty hours during any single workweek and were not compensated for all overtime hours worked within the three years prior to the commencement of this action.

39.     The class consists of all employees who worked at Defendant's facility and whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA as a result of Defendant's payroll and timekeeping practices.

40.     Therefore, notice is properly sent to: "all current and former similarly-situated employees of Defendant who worked more than forty hours during any single workweek and

were not compensated for all overtime hours worked within the three years prior to the commencement of this action."

41.     The total number and identities of the Class members can be easily determined from the records that Defendants keep in the normal course of business and the Class can quickly and easily be notified of the pendency of this action.

42.     Plaintiff is similar to the proposed Class because they were all subjected to the same unlawful timekeeping practices by Defendants and were not compensated for all overtime hours worked.

43.     Plaintiff and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

44.     Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

45.     Defendant's failure to pay all overtime wages is a result of Defendant's payroll policies and is common to the Class.

46.     Defendant's practice of making unlawful deductions from the wages that Plaintiff and the proposed Class rightfully earned is common to the Class.

47.     Specific job titles or job duties of the Class do not prevent collective treatment.

48.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

49.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 48 of this Complaint, as fully set forth herein.

50.     At all relevant times, Plaintiff and others similarly-situated were employees within the meaning of 29 U.S.C. § 203(e)(1).

51.     Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

52.     During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant and they were not properly compensated for all of these hours under the FLSA.

53.     Defendant knowingly failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked by altering its employees time records in a manner that failed to pay Plaintiff and the proposed Class for all overtime hours worked.

54.     The Members of the Class are similarly situated because they were all employed by Defendant and were required to clock in and out; were compensated in the same manner; and were subject to Defendant's common policy and practice of failing to pay its employees for all of the overtime hours that they worked in accordance with the FLSA.

55.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

56.     All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57.     As a result of the foregoing, Plaintiff and the Class have suffered damages and will continue to suffer damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff and all similarly-situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in Members of the Class, at the applicable overtime rate;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

(h)     Judgment against Defendant stating that their violations of the FLSA were

willful;

(i)     To the extent liquidated damages are not awarded, an award of

prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this  30th  day of August, 2019.

Respectfully submitted,

/s/ Patrick K. Elliott

**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:   (813) 433-5126
Email: elliottp@employmentandconsumerlaw.com
Email: assistant@employmentandconsumerlaw.com
***Attorney for Plaintiff***