**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ALVIN LUNDY, on behalf of himself and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PALL CORPORATION,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)  Case No. 8:19-cv-02202-WFJ-CPT<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Pall Corporation ("Pall"), by its attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01 respectfully moves this Court to dismiss Plaintiff Alvin Lundy's Complaint in its entirety.

**INTRODUCTION**

Plaintiff Alvin Lundy ("Plaintiff") filed this putative collective action against Pall alleging without factual support that he and other individuals worked uncompensated overtime hours "off-the-clock" in violation of the Fair Labor Standards Act ("FLSA"). Rather than providing any basis for his claim, Plaintiff parrots the elements of the applicable FLSA legal standards and asserts in boilerplate fashion that Pall violated them. (Dkt. 1, Complaint.)

This Court should dismiss Plaintiff's Complaint because it does not meet the minimum standards required to state a claim under Rule 12(b)(6). First, Plaintiff fails to allege an adequate factual basis for his claim that Pall unlawfully failed to pay overtime wages, let alone any facts as

to the amount or frequency of such purported violations. Plaintiff's Complaint recites the elements of an FLSA overtime claim without providing any basis to reasonably infer the "amount and extent" of alleged unpaid overtime. Plaintiff does not cite to how many overtime hours he worked, when he worked the alleged overtime hours, and/or how often he worked overtime "off-the-clock".

Second, Plaintiff brings this case as a collective action, but asserts an overly broad and unworkable class definition. Plaintiff defines the putative collective as "all current and former similarly-situated employees" who worked overtime and were not compensated. This definition provides no scope as to who should be included. The proposed collective is not defined by job position, job classification, pay structure, or job site. The class definition is so broad that it could include exempt employees from all of Pall who work on the other side of the country. Plaintiff provides no legally cognizable boundaries around his putative collective.

Third, Plaintiff's Complaint is devoid of any factual support to justify his conclusion that Pall willfully violated the FLSA. His conclusory allegations regarding willfulness—namely, that "Defendant has willfully engaged in a pattern of violating the FLSA"—are precisely the type that courts have uniformly deemed insufficient to support a willfulness claim. Because Plaintiff's willfulness claim is unsupported by factual allegations, it should be dismissed.

For these reasons, explained more fully below, the Court should dismiss Plaintiff's Complaint in its entirety.

## ARGUMENT

### I.  Applicable Legal Standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S.

662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Mere legal conclusions "are not entitled to the assumption of truth" and, instead, "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Stated differently, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Where a plaintiff fails to allege an adequate factual basis for his claim for recovery, dismissal is appropriate.

## II. Plaintiff Failed To Properly Plead Any Facts Supporting His FLSA Claim.

Plaintiff fails to allege an adequate factual basis for his claim that Pall unlawfully failed to pay overtime wages, let alone any facts as to the amount or frequency of such purported violations. Plaintiff's FLSA claim should thus be dismissed.

To state a claim for unpaid overtime, Plaintiff must plead sufficient facts to show "as a matter of just and reasonable inference the amount and extent of his work in order to demonstrate that he was inadequately compensated under [the] FLSA." *Rance v. Rocksolid Granit USA, Inc.*, 292 F. App'x 1, 2 (11th Cir. 2008) (citing *Caro–Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513 (11th Cir. 1993)) (internal quotation marks omitted). Specifically, a plaintiff is obliged to "provide examples . . . of such unpaid time . . . or describe the nature of the work performed during

those times." *Pruell v. Caritas Christi*, 678 F.3d at 14-15 (1st Cir. 2012); *see also Rance*, 292 F. App'x at 2 (holding that plaintiff failed to provide any evidence of the amount and extent of his work and, consequently, his pleading was deficient). Where a plaintiff fails to meet this standard, the court should dismiss the complaint. *See Id.* (affirming district court's dismissal of plaintiff's overtime claim).[1]

Plaintiff's Complaint falls well short of the *Iqbal/Twombly* standard. Plaintiff offers only the following three threadbare conclusions:

- "At various times material hereto, Plaintiff and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendant and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours." Compl. at ¶ 26.

- "On or about April 2019, Plaintiff reported a shortage of hours to Defendant's Human Resources ("HR") Representative." Compl. at ¶ 30.

- During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant and they were not properly compensated for all of these hours under the FLSA. Compl. at ¶ 52.

The foregoing allegations do nothing more than formulaically recite the elements of an FLSA overtime claim without providing any basis to reasonably infer the "amount and extent" of alleged unpaid overtime. The Complaint fails to put Pall on notice such that it can meaningfully

---

[1] The *Rance* decision might be at odds with another unpublished Eleventh Circuit opinion from the same year, where the Secretary of Labor sued an employer to recover unpaid wages. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (holding that the Secretary's generalized allegations provided adequate notice from which the employer could determine the basis of the cause of action). Although some courts in this circuit have followed *Labbe* without citing *Rance*, several more have rejected the holding in *Labbe*, reasoning that the case was either incorrectly decided or otherwise abrogated by the subsequent Supreme Court decision in *Iqbal*, which extended *Twombly* to all causes of action. *See, e.g., Stafflinger v. RTD Constrs., Inc.*, No. 15-1564-TBS, 2015. WL 9598825, at *3 (M.D. Fla. Dec. 14, 2015), *report and recommendation adopted*, 2016 WL 48110 (M.D. Fla. Jan. 5, 2016) (Smith, J.) (adopting post-*Iqbal* standard and rejecting *Labbe*); *Posso v. Rent-A-Car of Ft. Lauderdale, Inc.*, No. 13-61016, 2013 WL 12157799, at *2 (S.D. Fla. Nov. 1, 2013) (rejecting *Labbe* and citing *Iqbal*); *Perez v. Muab, Inc.*, No. 10-62441, 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011) (declining to adopt *Labbe*). Given the growing weight of authority applying *Iqbal* and *Twombly* in claims alleging FLSA violations, Plaintiff's deficient pleading, which offers no factual basis for the legal assertions therein, should be dismissed.

investigate Plaintiff's claim and prepare its defense. Accordingly, this Court can, and should, dismiss the Complaint. *See, e.g., Wiggins v. Atlantech Distrib., Inc.*, No. 15-02478- EAK-TBM, 2016 WL 3951328, at *3 (M.D. Fla. July 20, 2016) (Kovachevich, J.) (granting motion to dismiss because plaintiff failed to provide any factual basis "on which the court can make a just and reasonable inference as to the amount and extent of his work"); *Hernandez v. Anderson*, No. 14-577-PRL, 2015 WL 3514483, at *5 (M.D. Fla. June 4, 2015) (Lammens, J.) (granting motion to dismiss where, "other than providing the general timeframe during which he worked, and claiming that he was not compensated for 'off the clock work,' 'travel between jobsites,' and 'skipping lunches,' [plaintiff] fails to provide any dates or date ranges during which he worked overtime, or any other factual basis on which the court can make a just and reasonable inference as to the amount and extent of [his] work") (internal quotations and citations omitted); *St. Croix v. Genentech, Inc.*, No. 12-0891-EAJ, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012) (Covington, J.) (dismissing overtime claim where plaintiff offered only conclusory assertions that she worked more than 40 hours per workweek and "provides no dates or date ranges during which she worked overtime or any other factual basis on which the court can make a 'just and reasonable inference' as to the amount and extent of her work"); *Gigena v. Tapas & Tintos, Inc.*, No. 10-23422, 2010 WL 11451387, at *4 (S.D. Fla. Nov. 30, 2010) (dismissing complaint because plaintiff failed to "approximate the alleged number of hours worked for which she did not receive pay and the time period for which she is claiming unpaid overtime"); *see also Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) ("[P]laintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay."), *cert. denied*, 138 S. Ct. 635 (2018); *Landers v. Quality*

*Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (rejecting *Labbe* as contrary to *Iqbal*); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241-42 (3d Cir. 2014) (adopting the standard articulated by the Second Circuit in *Lundy*); *Pruell*, 678 F.3d at 13 (holding the phrase "regularly worked hours over 40 in a week and were not compensated for such time" failed "to cross the line between the conclusory and the factual") (internal quotations and citations omitted). Because the Complaint fails to plead facts sufficient to support a cognizable FLSA overtime claim, it should be dismissed.

### III. Plaintiff's Collective Claim Should Be Dismissed.

As an initial point, Plaintiff cannot maintain a collective action on behalf of "all current and former similarly situated-employees" because he himself has failed to comply with 29 U.S.C. § 216(b):

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. **No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

*Id.* (emphasis added). Consent to opt in to a collective action must be in writing and be filed in the court where the suit is filed. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 n.7 (11th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002). Plaintiff has filed no such consent with this Court. Therefore, Plaintiff's "FLSA Collective Action Allegations" must be dismissed so that this case proceeds solely on an individual basis.

Notwithstanding Plaintiff's procedural failure, even if Plaintiff's individual claim under the FLSA were sufficiently pled to survive a motion to dismiss (which they are not), his collective claim should be dismissed.

Plaintiff purports to seek an FLSA collective action on behalf of "all current and former similarly-situated employees of Defendant who worked more than forty hours during any single workweek and were not compensated for all overtime hours worked within the three years prior to the commencement of this action." Compl. at ¶ 38. Plaintiff's collective action claim should be dismissed because he fails to allege any facts whatsoever to support the claim that other employees are "similarly situated" in terms of job duties, job site, or pay in violation of the FLSA.

"[W]here a plaintiff brings a [wage-and-hour] claim for and on behalf of himself and other employees similarly situated, the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628, 630 (S.D.N.Y. 2007) (internal quotations and citation omitted)). The mere conclusion that others are similarly situated, absent facts that establish how they may be similar, is not enough to survive a motion to dismiss. *See, e.g.*, *St. Croix v. Genentech, Inc.*, No. 8:12-CV-891, 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2012) (finding that a complaint providing only the plaintiff's job title and failing to describe his job, the jobs or titles of putative class members, or their pay provisions, did not satisfy *Twombly* and *Iqbal*); *Creech v. Holiday CVS, LLC*, No. 11-CV-46, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012) (Covington, J.) (concluding the claim that other members of the putative collective are "similarly situated" because they "performed the same or similar job duties in that they 'provided customer services' for the defendants" is "not descriptive enough to give rise to a plausible right to relief" and granting motion to dismiss/strike "the

collective action component of the plaintiff's claim under the FLSA") (internal quotation marks omitted); *Pickering v. Lorillard Tobacco Co., Inc.*, No. 2:10-CV-633, 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011) ("[T]here is no description of the job duties . . . of the proposed similarly situated employees in the complaint . . . plaintiff merely seeks relief on behalf of 'all similarly situated employees.' This phrase is a legal conclusion and, absent some factual elaboration, is insufficient to satisfy *Twombly's* and *Iqbal's* pleading bar."); *Kemp v. Target Corp.*, No. 1:12-CV-3858, 2013 WL 5289799, at *3 (N.D. Ala. Sept. 18, 2013) ("The allegations that the putative class members are 'similarly situated female employees who work as team leads' and 'all other female team leaders' who perform work requiring 'equal skill, effort and responsibility' 'under similar working conditions' as male employees, are exactly the type of 'formulaic recitation of the elements of a cause of action' which *Iqbal* states 'will not do.'") (citations omitted).

Plaintiff alleges in conclusory language that he "is similar to the proposed Class because they were all subjected to the same unlawful timekeeping practices by Defendants [SIC] and were not compensated for all overtime hours worked." Compl. at ¶ 42. But he does not provide any factual basis to support how all "current and former similarly-situated employees" – regardless of job title, pay structure, or location – are and were subjected to said "unlawful timekeeping practice". The proposed collective is an overbroad catch-all which functions as an impermissible fishing expedition. The Complaint is devoid of allegations regarding the "primary job duties" of the putative collective action members, who these "similarly titled" employees might be, where they worked for Pall, or how they were paid. Merely repeating the term "similarly situated" does not make it so. Such an approach falls short of the *Twombly* and *Iqbal* pleading standards, and this Court should dismiss Plaintiff's collective action claim.

## IV. Plaintiff's Willfulness Allegation Must Also Be Dismissed.

Plaintiff has not proffered facts to support his conclusory allegation that Pall willfully violated the FLSA, which is his burden. *See Rodriguez v. Farm Stores*, 518 F. 3d 1259, 1274 (11th Cir. 2008) ("For the willfulness issue on which the statute of limitations turns, the burden is on the employee."); *Estate of Wash. v. Carter's Retail, Inc.*, No. 3:10-cv-1136-J-32PDB, 2014 WL 6473673, at *3 (M.D. Fla. Nov. 18, 2014) (Corrigan, J.) ("[P]laintiffs can obtain the benefit of a 3-year statute of limitations by proving that the employer's conduct was willful.") (citation omitted). Therefore, to the extent Plaintiff's FLSA claim survives this motion to dismiss, the two-year statute of limitations controls, not the three-year period that governs willful violations. See 29 U.S.C. § 255(a). To establish willfulness, Plaintiff must show that Pall "either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the statute." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012). "An employer knowingly violates the Act if he disregards the minimum wage laws deliberately or intentionally . . . ." *Carter's Retail, Inc.*, 2014 WL 6473673, at *5.

Here, Plaintiff has only offered three conclusory allegations that:

- "Defendant has willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in the Complaint by failing to pay employees proper overtime compensation for all hours worked in excess of forty in a workweek." Compl. at ¶ 4;

- "Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA. Defendant did not have a good faith basis to believe that its underpayment of wages was in compliance with the law." Compl. at ¶ 37; and

- "All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.SC. § 255 (a)." Compl. at ¶ 56.

Plaintiff has not proffered any facts which demonstrate that Pall "knew or showed reckless disregard" for its alleged failure to pay overtime. Because Plaintiff has not alleged facts to support a finding of willfulness, the two-year statute of limitations applies. *See e.g., Bautista v. El Coyote Mexican Restaurant, Inc*., No. cv-14-458, 2014 WL 2465327, at *8 (N.D. Ala. May 30, 2014) ("[P]laintiff has done nothing more than include various forms of the word 'willful' in its allegations. Such conclusory allegations are insufficient to satisfy plaintiff's burden to plead willfulness."); *Hernandez v. Anderson*, No. 14-cv-577, 2015 WL 3514483, at *6 (M.D. Fla. June 4, 2015)("[P]laintiff simply alleges that defendants' failure to pay…was intentional and willful. Such an allegation can only be described as an unadorned legal conclusion.").

WHEREFORE, PALL CORPORATION respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

- 11 -

                      Respectfully submitted,

                      PALL CORPORATION

                      By: */s/ Alex S. Drummond*
                            Alex S. Drummond
                            adrummond@seyfarth.com
                            Florida Bar No. 38307
                            Brett C. Bartlett*
                            bbartlett@seyfarth.com
                            Georgia Bar No. 040510
                            Ariel D. Fenster*
                            afenster@seyfarth.com
                            Georgia Bar No. 420858
                            Attorneys for Defendant
                            SEYFARTH SHAW LLP
                            1075 Peachtree Street, N.E., Suite 2500
                            Atlanta, Georgia 30309-3958
                            Telephone: (404) 885-1500
                            Facsimile: (404) 892-7056

Date:  October 28, 2019

                            *\*PRO HAC VICE MOTIONS FORTHCOMING*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| ALVIN LUNDY, on behalf of himself and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) | Case No. 8:19-cv-02202-WFJ-CPT |
| ) | |
| v. ) | |
| ) | |
| PALL CORPORATION, ) ) | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I certify that on October 28, 2019, I mailed copies of DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW with the clerk of court using the CM/ECF system, which will send notification of such filing to the following:

>Patrick K. Elliott
>The Law Office of Patrick K. Elliott, PLLC
>100 S. Ashley Drive, Suite 600
>Tampa, Florida  33602
>
>Jason W. Imler
>Gary L. Printy, Jr.
>Printy & Printy, P.A.
>3411 West Fletcher Avenue, Suite A
>Tampa, Florida  33618

>By: */s/ Alex S. Drummond*
>Counsel for Defendant